McNEILL–ALLMAN CONST. CO., Inc., et al. v. UNITED STATES.
No. 42940.

Court of Claims.
Dec. 6, 1937.

and George H. McNeill and Kelly Kash, both of Washington, D. C., on the briefs), for plaintiff.

John W. Hussey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the briefs), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This action is for the recovery of $4,-330 and interest as a refund of taxes paid by the McNeill-Allman Construction Company for the fiscal year ending May 31, 1922. In June, 1934, an act of Congress was approved, 48 Stat. 1467, giving this court jurisdiction to determine whether any refund was legally or equitably due the plaintiffs without regard to the statute of limitations.

The findings show that in 1921 the McNeill-Allman Construction Company, a corporation, undertook to perform a contract with the Board of Good Roads Commissioners of Ashe County, N. C., to make certain road improvements for that county. The corporation proceeded with the work, but before its completion and on June 10, 1922, was voluntarily dissolved. At the end of May, 1922, the corporation had performed work of a contract value of $80,-143.70, exclusive of extra work thereunder, of which the percentages to be retained under the contract before final completion amounted to $12,021.56, making the net amount then payable $68,122.14. The Board of Good Roads Commissioners actually paid the corporation up to the end of May, 1922, $69,701.49 under the contract, including compensation for extra work. The corporation having made no return to the collector of internal revenue of its income for the period of its existence, a field agent of his office investigated the matter, and in a conference of W. E. Johnson, cashier of plaintiffs' bank, W. E. McNeill, and the field agent, a return was prepared November 10, 1922, in the name of the corporation, signed by its officers, covering the period begun June 6, 1921, and ended May 31, 1922, and was filed with the collector November 14, 1922. In making out the return, the government agent used $80,000 as the amount of gross income, which was approximately the contract value of the work. The actual gross income, however, was only $69,701.-

Robert H. McNeill, of Washington, D. C. (Grant Bauguess, of Jefferson, N. C.,

49. Had this amount been used instead of $80,000, the return computed accordingly without any other changes would have shown there was no tax due. The plaintiffs therefore claim there should be refunded to them the amount of tax and penalties collected, being $4,330. The defendant, on the other hand, contends that the burden of proof is upon the plaintiffs to show the correct amount of tax due, including proof of every item in the return, and, as this was not done, plaintiffs' action must fail.

We have often held in refund cases that the burden of proof is upon the taxpayer to show that the Commissioner erred in making the assessment of taxes against him, but our decisions have been made under facts quite different from those which appear in the case now before us. None of the plaintiffs made out the return which was executed after a government field agent had made investigation of the matter and prepared the return for signature. It is quite evident that the return was erroneous in that it included the retained percentage of the contract price which was not received during the year of the return in controversy but was afterwards paid to the dissolution agent, included by him in income tax returns for 1922 and 1923, and the tax thereon paid for the second time. The return in controversy being erroneous, it is equally evident that the assessment made by the Commissioner in accordance with it, is erroneous. It is argued on behalf of defendant that the amount of deductions made by the corporation in its return is not satisfactorily proved and especially that there is no testimony to show whether a commissary which was operated by the corporation returned a profit.

The reason for the lack of detail in the evidence is probably because the corporation's books have been lost or destroyed in the long period that has intervened.

We do not think under these circumstances that the ordinary rule applies. Rather it seems to us that, if there was any presumption, it would be that, after the government agent had made an investigation and himself made out the return, the presumption would be that such matters as deductions were properly taken into consideration and in a general way correctly included in the report. Or, if the general presumption may be said to obtain, it only requires slight evidence to overcome this presumption which we think is found in the fact that the agent made an investigation and as a result of the investigation prepared the return.

Having reached this conclusion, it follows that plaintiffs are entitled to recover $4,330, with interest, as provided by law from November 24, 1922.

Judgment will be rendered accordingly.